# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA BERKERY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 09-cv-4944 |
| COMMISSIONER OF INTERNAL REVENUE and UNITED STATES, | : | |
| Defendants. | : | |

### MEMORANDUM AND ORDER

**Joyner, J.**                                             **January 11, 2010**

This case is now before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 16). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

### Factual Background

This dispute centers around Plaintiff's tax liability for the property at 652 Bethlehem Pike in Flourtown, Pennsylvania. This home served as Plaintiff's only residence from 1990 until 1998. Plaintiff owned this property subject to a mortgage held by WMC Mortgage Co. ("WMC") and a second mortgage held by LaSalle National Bank. In 1998, Plaintiff had fallen behind on her mortgage payments, and WMC began foreclosure proceedings on the property. Rather than require WMC to complete foreclosure, Plaintiff agreed to turn over the property in exchange for a

cancellation of her debt and to avoid any further liability on the property.

The Internal Revenue Service first contacted Plaintiff concerning the 652 Bethlehem Pike property in 2008. At that time, it advised Plaintiff that she had not properly reported the discharge of indebtedness that she received from WMC as income on her tax returns. The I.R.S. informed Plaintiff that she owed approximately $18,000 in taxes based on this discharge-of-indebtedness income. Further, Defendant Commissioner of Internal Revenue ("Commissioner") refused to disburse Plaintiff's 2008 tax refund of $1,967 due to this allegedly outstanding debt.

Plaintiff asserts that Defendant Commissioner has illegally assessed her income tax by classifying the discharge of indebtedness for the 652 Bethlehem Pike property as taxable income. She seeks direct relief pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, a writ of mandamus pursuant to the Mandamus Act, 28 U.S.C. § 1361, and to bring a refund suit under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

Defendants claim that this Court lacks subject matter jurisdiction to adjudicate these claims due to the doctrine of sovereign immunity. Defendants, therefore, have filed a Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(1).

### Standard

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a complaint if there is a lack of subject matter jurisdiction. In evaluating a Rule 12(b)(1) motion to dismiss, a court can treat the motion as either a facial or a factual challenge to the plaintiff's complaint. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge, the court is limited to considering the complaint itself and any attachments thereto, and must view the facts in the light most favorable to the non-moving party. Id. In a factual challenge, however, the court is permitted to consider other evidence introduced by the parties. Id. When reviewing a factual challenge, the court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). Further, not only is there no presumption that the facts pled by the plaintiff are true in a factual challenge, but the burden of establishing the court's jurisdiction falls on the plaintiff. Id.

### Discussion

Although Defendants claim to bring a factual challenge to the existence of subject matter jurisdiction, their Motion to Dismiss appears to more appropriately be characterized as a facial challenge. As the court in Gould Electronics noted, it is

3

only when the defendant contests the pleadings by presenting evidence that a factual challenge arises; if the defendant does not raise any evidentiary challenge to the facts as pled by the plaintiff, these should be accepted as true for the purpose of the motion to dismiss. 220 F.3d at 177. In the present case, Defendants do not introduce any evidence extrinsic to the pleadings, nor do they appear to contest any of Plaintiff's factual allegations. Instead, Defendants simply assert that Plaintiff's Complaint has not set forth a legal basis for subject matter jurisdiction. For these reasons, we will treat Defendants' Motion to Dismiss as a facial challenge to Plaintiff's Complaint.

Plaintiff points to three separate sources as providing this Court with subject matter jurisdiction. First, Plaintiff claims a private right of action contained in the Constitution itself. Second, Plaintiff points to the Mandamus Act as providing this Court with subject matter jurisdiction over her claims against Defendant Commissioner. Finally, Plaintiff alleges that this Court has jurisdiction pursuant to the federal statutes that provide a cause of action for a refund suit against the United States. Defendants argue that none of these allow Plaintiff to avoid sovereign immunity's reach, and, therefore, seek dismissal.

We begin with a general discussion of the doctrine of sovereign immunity, and then will examine whether each of

Plaintiff's claims fall into any exceptions to the doctrine. As we agree with Defendants that sovereign immunity operates to bar all of Plaintiff's actions, we must dismiss her suit for lack of subject matter jurisdiction.

**Sovereign Immunity**

The Supreme Court has long recognized that the federal government is immune from suit unless it consents to be sued. E.g., Lehman v. Nakshian, 453 U.S. 156, 160 (1981). If the government does choose to subject itself to suit, it is free to place limits on this consent. Id. Any waiver of immunity must be "unequivocally expressed" and any limitations or exceptions to this immunity must be "strictly observed." Id. at 160-61. If a court determines that sovereign immunity applies, it must dismiss the case for lack of subject matter jurisdiction. FDIC v. Meyer, 510 U.S. 471, 475 (1994).

A plaintiff cannot automatically avoid the reach of sovereign immunity simply by suing an individual officer. In cases where an individual officer is named, the court must determine whether the suit is against the officer acting as an individual, or whether the suit is attempting to compel the officer to act in some way that will impact the government, and is, therefore, a suit against the sovereign. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949). Importantly, "where the officer's powers are limited by statute, his actions

beyond those limitations are considered individual and not sovereign actions." Id. Because of this fact, a suit against an officer who has exceeded his authority is not barred by sovereign immunity, even if he claims to have been acting in his official capacity. In order for the officer's conduct to be outside the bounds of sovereign immunity, however, it must be beyond the scope of his authority and not merely a mistaken exercise of his powers. Id. at 690. Although showing a mistake by the officer does

> establish[] a wrong to the plaintiff[,] . . . it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign. If he is exercising such powers the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented.

Id. at 693. When suing an individual officer, therefore, if sovereign immunity is to be avoided, the plaintiff must allege that the officer was acting without authority and not merely that the officer reached the "wrong" conclusion.

**Constitutional Claims**

Plaintiff first brings claims under the Federal Constitution's Fifth and Fourteenth Amendments for due process and equal protection violations.[1] In Bivens v. Six Unknown Named

---

[1] Although Plaintiff's Complaint states that these claims are brought under 42 U.S.C. § 1983, her Response to Defendants' Motion to Dismiss recognizes that this relief is not available to her because Defendants are not state actors. Instead, Plaintiff asks this Court to treat her constitutional claims as Bivens claims. As Defendants address these claims as arising under Bivens both in their Motion to Dismiss and their Reply, we see no prejudice in acceding to Plaintiff's request. We will, therefore, address Plaintiff's

6

Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court allowed the plaintiff to bring a claim for money damages against federal officers for the violation of his Fourth Amendment rights. In doing so, the Court sought to provide a remedy for the plaintiff's constitutional harms when it was not clear that there otherwise would have been one. Bivens did not, however, waive sovereign immunity and allow for suits directly against the government every time a constitutional harm is alleged. Huberty v. U.S. Ambassador to Costa Rica, 316 F. App'x 120, 122 (3d Cir. 2008) (citing Meyer, 510 U.S. at 483). Bivens involved a case that, although brought against officers of the United States, was not brought against the sovereign because these officers were clearly acting beyond the reach of their authority. In that situation, because the suit was not against the sovereign, no waiver of sovereign immunity was required. When, on the other hand, looking at a situation where suit is brought against an official in his official capacity, sovereign immunity applies, and "Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver." Huberty, 316 F. App'x at 122.

Plaintiff's suit in the instant case is against the sovereign. First, Plaintiff names the United States as a

---

constitutional claims as arising directly out of the Constitution rather than as an attempt to bring a cause of action under 42 U.S.C. § 1983.

Defendant in this action.  There is no question that a suit against the United States is a suit against the sovereign, and Plaintiff must show a waiver of its immunity if this suit is to be maintained against this Defendant.  Plaintiff is also suing the Commissioner of Internal Revenue in his official capacity for the damages resulting from Defendant's assessment and collection of income taxes.  Plaintiff does not contest that Defendant Commissioner is authorized to assess and collect taxes.  26 U.S.C. § 6201; id. § 6301.  Nor does Plaintiff contest that Defendant Commissioner is authorized to seek satisfaction of tax debts through means such as withholding of tax refunds or filing a lien on her wages.  Id. § 6402(a); id. § 6321.  Instead, Plaintiff claims that Defendant Commissioner is mistakenly performing these duties in her case.  This is precisely the kind of suit against an officer that implicates sovereign immunity, as discussed in Larson.  Both Defendants, therefore, are protected by sovereign immunity.

Once it has been established that sovereign immunity applies, Plaintiff must demonstrate a waiver of this immunity in order to allow her suit to proceed.  Because Plaintiff does not demonstrate, or even allege, the existence of any waiver of sovereign immunity either for Defendant United States or Defendant Commissioner, the doctrine of sovereign immunity prevents us from having subject matter jurisdiction over her

8

constitutional claims.

**Mandamus**

Plaintiff also urges this Court to find jurisdiction in the Mandamus Act, 28 U.S.C. § 1361. As an initial matter, the statute applies only to "an officer or employee of the United States." We, therefore, do not have jurisdiction to grant a writ of mandamus against Defendant United States. Turning to Plaintiff's request for a writ of mandamus against Defendant Commissioner, we first must determine whether 28 U.S.C. § 1361 is an express waiver of the government's sovereign immunity. Neither the Supreme Court nor the Third Circuit has directly spoken to the issue of whether the Mandamus Act operates as a waiver of sovereign immunity, or whether it simply provides federal question jurisdiction over petitions for a writ of mandamus. Of the circuits that have addressed the question, however, the majority have held that § 1361 is not a waiver of sovereign immunity.[2] The First Circuit stated the rationale for

---

[2] The First, Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005), Second, Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir. 1980), Fifth, McClain v. Pan. Canal Comm'n, 834 F.2d 452, 454 (5th Cir. 1987), Eighth, Essex v. Vinal, 499 F.2d 226, 232 (8th Cir. 1974), Ninth, Odd v. United States, No. 91-35954, 1992 WL 184330, at *1 (9th Cir. Aug. 4, 1992), and D.C. Circuits, Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996), have all found that the Mandamus Act is not a general waiver of sovereign immunity. The Seventh, Vishnevsky v. United States, 581 F.2d 1249, 1255-56 (7th Cir. 1978), and Tenth Circuits, Trackwell v. U.S. Gov't, 472 F.3d 1242, 1244-45 (10th Cir. 2007), disagree, and have held that sovereign immunity need not be considered when addressing mandamus actions. We recognize that, in large part, the difference between these holdings may be semantical. As the Seventh and Tenth Circuits point out, mandamus is only available when the officer does not perform a clear, nondiscretionary duty. In such a circumstance, it will generally be the case, as discussed infra, that the suit ceases to be against the sovereign, and instead is against the officer as an individual, thereby

9

this opinion when it noted that "the statute does not create any new cause of action against the government. It simply gives the courts jurisdiction in those instances in which substantive law already provides a remedy." Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). In other words, § 1361 merely draws mandamus actions within the reach of 28 U.S.C. § 1331, and does not guarantee that the action can be used against any defendant at any time. We agree with the majority of the circuits that have addressed the issue, and find the better interpretation to be that the Mandamus Act did not waive sovereign immunity for all claims brought under it.

Our conclusion is further reinforced by the fact that although the statute can only apply to officers or employees of the sovereign, it is not necessary to read the Act as a waiver of sovereign immunity in order to give it meaning. As the D.C. Circuit stated, under the "Larson-Dugan exception" "[i]f a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity . . . no separate waiver of sovereign immunity is needed." Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996). This is because if the officer is acting outside the

---

eliminating the need for a waiver of sovereign immunity. Nevertheless, considering the importance that the Supreme Court has placed on respecting the government's immunity from suit, we think it important to undertake the Larson analysis in situations where the Defendant is asserting that this Court lacks subject matter jurisdiction.

scope of his authority, sovereign immunity will not apply, and, therefore, no waiver of sovereign immunity is needed. Writs of mandamus, therefore, are appropriate, and do not offend notions of sovereign immunity, in situations where the court is not compelling the sovereign to act, but is merely compelling the agent to act as the sovereign has already instructed.

Having determined that the Mandamus Act did not waive sovereign immunity, we must now undertake an analysis of whether Plaintiff's claims are barred. Plaintiff, therefore, finds herself in the same position in trying to bring a mandamus action as she did in trying to bring a <u>Bivens</u> claim; if she has established that Defendant Commissioner was acting outside the bounds of his authority, he will not be protected by sovereign immunity, and this Court will have subject matter jurisdiction over her mandamus petition. Plaintiff, however, has not shown any directive prohibiting Defendant from taking any of the actions that he did, or ordering him not to apply the tax code to an individual in circumstances such as her's. Rather, Plaintiff merely disagrees with the way in which Defendant Commissioner applied the Internal Revenue Code. As discussed above, this is a power that is entrusted to the Commissioner. Such a disagreement, therefore, is not sufficient to avoid the operation of sovereign immunity. As Plaintiff has not alleged any waiver of sovereign immunity for her mandamus action, we lack subject

11

matter jurisdiction over her mandamus claim.

**Refund Suit**

Finally, Plaintiff seeks to establish jurisdiction based on 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. Subsection 1346(a)(1) waives sovereign immunity, and provides a civil action against the United States for the recovery of any internal revenue tax that was improperly assessed or collected. Plaintiff, in part, seeks the recovery of her $1,967 refund check that was withheld by Defendant and applied to the debt that she challenges. Plaintiff, however, cannot avail herself of a refund suit at this juncture. "Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. The first is § 7422(a), which . . . limits a taxpayer's right to bring a refund suit . . . ." United States v. Dalm, 494 U.S. 596, 601 (1990).

Under § 7422(a), a refund action cannot be maintained until the plaintiff has filed a claim for a refund with the Secretary of the Treasury. As noted above, any limitations on the government's waiver of sovereign immunity must be strictly observed. It will not suffice to note that there are disadvantages to filing a claim with the Secretary or even to claim that it is practically impossible for Plaintiff to do so in

this case.  The government need not consent to suit, and if it chooses to do so, it is entitled to set limits on this consent. Because Plaintiff has not yet filed a claim for a refund with the Secretary and followed through with her administrative remedies, we are without power to hear this case, regardless of the merits of Plaintiff's claims.  Although the government has waived its sovereign immunity, it has only done so for plaintiffs who have followed specific steps, and Plaintiff has not done so in this case.

## Conclusion

Because Plaintiff has failed to establish the existence of this Court's subject matter jurisdiction over her claims, we must dismiss them pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiff brings her claims against the sovereign, and as such, she is required to show that sovereign immunity has been explicitly waived.  Plaintiff is unable to point to any explicit waiver of sovereign immunity, and therefore, her claims must fail.